Citation Nr: 1719115 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-14 729 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina



THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent for left upper extremity peripheral neuropathy. 

2. Entitlement to an evaluation in excess of 10 percent for right upper extremity peripheral neuropathy. 

3. Entitlement to an evaluation in excess of 10 percent for left lower extremity peripheral neuropathy. 

4. Entitlement to an evaluation in excess of 10 percent for right lower extremity peripheral neuropathy. 

5. Entitlement to a total disability rating based on unemployability due to service-connected disabilities (TDIU).



REPRESENTATION

Appellant represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

S. Krunic, Counsel



INTRODUCTION

The Veteran served on active duty in the United States Army from October 1969 to April 1972. 

This case comes before the Board of Veterans' Appeals (the Board) on appeal from a January 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

In January 2015, the Board remanded the case for additional development. The case has since been returned to the Board for appellate review.

The Board notes that in a rating decision issued in October 2014, the RO denied the Veteran entitlement to a TDIU. It is now well settled that "a request for TDIU, whether expressly raised by a veteran or reasonably raised by the record, is not a separate claim for benefits, but rather involves an attempt to obtain an appropriate rating for a disability or disabilities." Rice v. Shinseki, 22 Vet.App. 447, 453 (2009). In this case, when the RO issued its rating decision regarding the issue of entitlement to a TDIU, the issues of entitlement to increased evaluations for peripheral neuropathy of the bilateral upper and lower extremities were already in appellate status, rendering this a situation where the appellant raised an additional issue while his original claim was on appeal. As the Board is required to address all issues reasonably raised by the claimant, or the evidence of record, the Board will exercise jurisdiction over the issue of the Veteran's entitlement to a TDIU. 

This appeal was processed using the Virtual VA and VBMS paperless claims processing system. Virtual VA contains additional VA treatment reports that were not considered by the RO in the March 2015 Supplemental Statement of the Case. However, on remand, the RO will have to opportunity to consider the relevant VA treatment reports. Accordingly, any future consideration of this Veteran's case should take into account the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets the additional delay, remand is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration.

The Veteran contends that his service-connected diabetic peripheral neuropathy of the bilateral upper and lower extremity is more disabling than contemplated by the current 10 percent disability evaluations assigned for each upper and lower extremity. The Veteran was last afforded a VA examination in September 2014 in conjunction with his TDIU claim. However, the Board finds that the examination report is internally inconsistent. The examiner stated that the Veteran did not have diabetic peripheral neuropathy of the bilateral upper extremities, yet noted that the Veteran had loss of extremity hair in the upper extremities reflective of trophic changes attributable to diabetic peripheral neuropathy. In addition, the examiner noted that, with the exception of VA treatment reports, she did not review the Veteran's claims file. Although the lack of review of the claims file does not automatically render an examination inadequate, here the examiner was not apprised of relevant medical evidence. In this regard, the November 2010 VA examination report shows a diagnosis of diabetic peripheral neuropathy of the bilateral upper extremities reflected by symptoms of tingling, numbness, and lack of sensation and findings of sensory deficits.

Moreover, the September 2014 VA examination report documents diabetic neurological symptoms of moderate intermittent pain, mild paresthesias and/or dysesthesias, and mild numbness of the bilateral lower extremities but does not show any sensory deficits (normal light touch/monofilament/position sense/vibration/cold sensation) affecting the lower extremities. In addition, the examiner confirmed that the Veteran had diabetic peripheral neuropathy of the lower extremities. In so finding, she identified the femoral nerve as having mild incomplete paralysis in both legs. However, the examiner later noted that the bilateral femoral nerve dysfunction is not related to the Veteran's type II diabetes mellitus, but is associated with a back condition. She clarified that the nerves associated with the Veteran's type II diabetes mellitus are the small unnamed nerve fibers in both feet. Additionally, the report shows that EMG studies were not conducted. To afford the Veteran all benefit of the doubt, the Board finds that a contemporaneous VA examination is warranted.

The Board additionally notes that some records from the Social Security Administration (SSA) have been associated with the claims file; however, the records appear incomplete. In June 2014, the AOJ requested the Veteran's SSA records. However, only a SSA disability report-field office and a SSA Disability report-appeal are of record. Therefore, the AOJ should attempt to obtain the Veteran's complete SSA records, including any administrative determinations and any underlying medical records. See Hayes v. Brown, 9 Vet. App. 67, 74 (1996) (VA is required to obtain evidence from the SSA, including decisions by the administrative law judge); Murincsak v. Derwinski, 2 Vet. App. 363 (1992).

Furthermore, the issue of entitlement to a TDIU is inextricably intertwined with the issues being remanded. In other words, resolution of the above issues may impact the TDIU claim. As such, action regarding entitlement to a TDIU is deferred. See Henderson v. West, 12 Vet.App. 11, 20 (1998) (matters are "inextricably intertwined" where action on one matter could have a "significant impact" on the other).
Lastly, the most recent VA treatment records associated with the claims file are dated in May 2014. In light of this remand and to ensure a more complete record, an attempt should be made to obtain any outstanding VA treatment records from May 2014 to the present. 38 U.S.C.A. § 5103A (c).

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain any outstanding SSA records, to include any decision to grant or deny SSA benefits to the Veteran and the records upon which that decision was based and associate them with the claims file. 

It is noted that the AOJ obtained some records from the SSA in June 2014; however, the claims file does not contain a complete copy of the decisions to grant or deny benefits.

If the search for such records has negative results, the claims file should be properly documented as to the unavailability of those records.

2. The AOJ should also obtain any outstanding VA medical records, to include any treatment records dated from May 2014 to the present.

3. After completing the preceding development, the AOJ should afford the Veteran a VA examination to ascertain the severity and manifestations of his diabetic peripheral neuropathy of the bilateral upper and lower extremities. Any and all studies, tests, and evaluations, including EMG, deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the November 2010, August 2011, and September 2014 VA examination reports. 

The examiner should report all signs and symptoms necessary for rating the Veteran's disabilities under the rating criteria. In particular, the examiner should identify the upper and lower extremity nerves affected by the Veteran's service-connected type II diabetes mellitus and determine whether the impairment is mild, moderate, or severe. He or she should also state whether there is incomplete or complete paralysis. 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. As it is important "that each disability be viewed in relation to its history[,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or, in the alternative, the entire claims file, must be made available to the examiner for review.

4. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefits sought are not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ANTHONY C. SCIRÉ, JR.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).